**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sheri L. ZUBER, Defendant–Appellant.**

**No. 14–3116.**

United States Court of Appeals,
Tenth Circuit.

July 23, 2014.

Terra Morehead, Office of the United States Attorney, Kansas City, KS, for Plaintiff–Appellee.

Sheri L. Zuber, Alderson, WV, pro se.

Before GORSUCH, MURPHY, and HOLMES, Circuit Judges.

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

MICHAEL R. MURPHY, Circuit Judge.

This matter is before the court on Sheri Zuber's pro se requests for a certificate of appealability ("COA") and to proceed on appeal *in forma pauperis.* Zuber seeks a COA so she can appeal the district court's denial of her 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B) (providing no appeal is allowed from a "final order in a proceeding under section 2255" unless the movant first obtains a COA). Because she has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** Zuber's request for a COA and **dismisses** this appeal. Zuber has completely failed to advance a "reasoned, nonfrivolous argument on the law and facts." *Watkins v. Leyba,* 543 F.3d 624, 627 (10th Cir.2008). Thus, this court also denies her request to proceed on appeal *in forma pauperis.*

Following a jury trial, Zuber was convicted of three counts of possessing illegal drugs with intent to distribute. *United States v. Zuber*, 485 Fed.Appx. 921, 922 (10th Cir.2012). This court affirmed her convictions and sentence on direct appeal. *Id.* at 922–24. Zuber then filed the instant § 2255 motion (1) raising claims of ineffective assistance of counsel and (2) challenging the validity of her sentence. In a thorough order, the district court concluded Zuber's claims lacked a legitimate basis in law or fact. Zuber appeals.

The granting of a COA is a jurisdictional prerequisite to Zuber's appeal from the denial of her § 2255 motion. *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). To be entitled to a COA, she must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Zuber must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether she has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of her claims. *Id.* at 338, 123 S.Ct. 1029. Although Zuber need not demonstrate her appeal will succeed to be entitled to a COA, she must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Zuber's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller–El*, we conclude Zuber is not entitled to a COA. As cogently explained in the district court order, the record in this case conclusively demonstrates the claims set out in Zuber's § 2255 motion lack any legitimate grounding in either fact or law. Accordingly, this court **DENIES** Zuber's request for a COA and **DISMISSES** this appeal. For that same reason, we **DENY** Zuber's request to proceed on appeal *in forma pauperis*. Thus, Zuber is obligated to immediately remit the full amount of the appellate filing fee.